UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINE VALDEZ,<br><br>    Petitioner,<br><br>    v.<br><br>HEATHER SHIRLEY,[1]<br><br>    Respondent. | Case No. 2:20-cv-10208-JC<br><br>MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS AND DISMISSING PETITION AND ACTION WITH PREJUDICE<br><br>(DOCKET NO. 9) |

**I.　SUMMARY**

Effective November 2, 2020,[2] petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") with exhibits ("Petition Ex.") challenging a 2011 judgment in Los Angeles County Superior Court Case No. MA052367 ("State Case"). (Petition at 2).

---

[1] Heather Shirley, the Acting Warden of Wasco State Prison, is substituted in as the respondent. See Fed. R. Civ. P. 25(d).

[2] "When a prisoner gives prison authorities a habeas petition or other pleading to mail to court, [pursuant to the mailbox rule,] the court deems the petition constructively 'filed' on the date it is signed[,]" Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010), cert. denied, 565 U.S. 897 (2011); Houston v. Lack, 487 U.S. 266, 276 (1988), which in this case was November 2, 2020. The Petition was formally filed on November 4, 2021.

On February 4, 2021, respondent filed a Motion to Dismiss the Petition, arguing that the Petition should be dismissed because, among other things, it is untimely.³ Petitioner did not file an opposition to the Motion to Dismiss and the deadline to do so has long since expired.

The parties have consented to proceed before a Magistrate Judge.

For the reasons discussed below, the Court grants the Motion to Dismiss and dismisses the Petition and this action with prejudice.

**II.    PROCEDURAL HISTORY**

On September 30, 2011, in the State Case, petitioner pleaded no contest to, and was convicted of, one count of attempted murder in violation of California Penal Code ("P.C.") §§ 664/187(a) (count 1) and one count of assault with a deadly weapon or force likely to produce great bodily injury in violation of P.C. § 245(a)(1) (count 4). (Lodged Doc. 1 at 5-6). Petitioner also admitted that he personally used a knife during the commission of counts 1 and 4 within the meaning of P.C. § 12022(b)(1) and, as to count 1, that he inflicted great bodily injury within the meaning of P.C. § 12022.7(a). (Lodged Doc. 1 at 6). That same day, the trial court sentenced petitioner to fifteen years in state prison, consisting of a 13-year sentence on count 1 and the related enhancements (9 years for the P.C. §§ 664/187(a) conviction + 3 years for the P.C. § 12022.7(a) enhancement + 1 year for the P.C. § 12022(b) enhancement) and a consecutive 2-year sentence on count 4 and the related enhancement (1 year for the P.C. § 245(a)(1) conviction + 1 year for the P.C. § 12022(b)(1) enhancement). (Lodged Doc. 1 at 6-8). Petitioner did not appeal his conviction or sentence. (Petition at 2).

///
///

---

³As the Court has determined that the Petition and this action should be dismissed as untimely, the Court need not and does not address the other asserted bases for dismissal identified in the Motion to Dismiss.

In a letter dated July 19, 2019, the California Department of Corrections and Rehabilitation ("CDCR") requested the Superior Court review petitioner's sentence:

> A review of the documents delivered with the above-named inmate indicates the Abstract of Judgment and/or Minute Order may be in error, or incomplete, for the following reasons: [¶] The Abstract of Judgment and Minute Order reflect Count 04, PC 245(a)(1) Assault with a Deadly Weapon with one-third the middle term of 1 year imposed and enhancement PC 12022(b)(1) with 1 year imposed. Pursuant to Penal Code (PC) 12022(b)(1) "Any person who personally uses a deadly or dangerous weapon in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment, **unless use of a deadly or dangerous weapon is an element of that offense**." The use of a deadly or dangerous weapon is an element of PC 245(a)(1). Based on the discrepancy noted above the Total Time imposed may need to be adjusted on the Abstract of Judgment. [¶] Please review your file to determine if a correction is required. When notified by the [CDCR] that an illegal sentence exists, the trial court is entitled to reconsider all sentencing choices, *People v. Hill*, 185 Cal.App. 3d 831. We would appreciate your providing a **certified copy of any Minute Order or modified Abstract of Judgment** to this Department. May we also request the attached copy of this letter be returned with your response. If this case is under appellate review, please forward a copy of this letter to the appellate attorney.

(Petition Ex. A (emphasis in original)).

On August 6, 2019, the Superior Court responded to the CDCR's letter, stating:

| | |
|---|---|
| 1 | This court received the [CDCR's] letter in the above-entitled case, |
| 2 | inviting the court to determine if a correction of the sentence is |
| 3 | necessary. In this case, [petitioner] was sentenced in accordance with |
| 4 | a plea bargain. He was facing four counts and numerous allegations, |
| 5 | including two counts which exposed him to indeterminate term[s] of |
| 6 | life in prison. He agreed to plead to two counts, and to admit certain |
| 7 | allegations, in exchange for a determinate term of 15 years in the state |
| 8 | prison. The court respectfully denies the invitation to unilaterally |
| 9 | alter the sentence. It is well settled that a judge who has accepted a |
| 10 | plea bargain is bound to impose a sentence within the limits of that |
| 11 | bargain. "A plea agreement is, in essence, a contract between the |
| 12 | defendant and the prosecutor to which the court consents to be |
| 13 | bound." Once the court has accepted the terms of the negotiated plea, |
| 14 | it lacks jurisdiction to alter the terms of a plea bargain so that it |
| 15 | becomes more favorable to one side or the other. Both the People and |
| 16 | [petitioner] are entitled to enforce the terms of a plea bargain. |

(Lodged Doc. 1 at 8-9).

On or around February 18, 2020,[4] petitioner filed a habeas petition in the California Court of Appeal, which denied the petition on March 20, 2020. (Lodged Docs. 2-3). Effective May 10, 2020, petitioner filed a habeas petition in the California Supreme Court, which denied the petition on July 29, 2020, citing People v. Duvall, 9 Cal. 4th 464, 474 (1995) ("a petition for a writ of habeas corpus must include copies of reasonably available documentary evidence."). (Lodged Docs. 4-5).

---

[4]Since such habeas petition (Lodged Doc. 2) is unsigned and does not include a proof of service, the Court has not applied the mailbox rule to that petition. Nevertheless, given the statute of limitations analysis set forth below, it is abundantly clear that there is no possibility that application of the mailbox rule would have altered the conclusion that petitioner's instant federal Petition is untimely.

4

## III. DISCUSSION

Petitioner claims he is entitled to federal habeas relief because: (1) his "sentence necessitates modification based upon [a] sentencing error by the trial court in violation of" California's determinate sentencing law ("DSL"); and (2) the "trial court erred by imposing [P.C. §] 12022(b)(1) pursuant to [P.C. §] 245(a)(1) thus violating the rules of the [DSL]." (Petition at 5-10 (as paginated on the Court's electronic docket)). Respondent argues that the Petition should be dismissed because it is untimely. For the reasons explained below, this Court agrees.

### A. Accrual of the Statute of Limitations

Pursuant to 28 U.S.C. § 2244(d), a one-year statute of limitations applies to a petition for a writ of habeas corpus by a person in state custody. Wall v. Kholi, 562 U.S. 545, 550 (2011); 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review (28 U.S.C. § 2244(d)(1)(A)); (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action (28 U.S.C. § 2244(d)(1)(B)); (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review (28 U.S.C. § 2244(d)(1)(C)); or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence (28 U.S.C. § 2244(d)(1)(D)).

Petitioner's conviction became final on November 29, 2011, *i.e.*, sixty days after his September 30, 2011 sentencing, when the time to appeal the judgment expired. See Stancle v. Clay, 692 F.3d 948, 951 (9th Cir. 2012), cert. denied, 568 U.S. 1198 (2013); Roberts v. Marshall, 627 F.3d 768, 771 (9th Cir. 2010), cert.

denied, 565 U.S. 897 (2011); California Rules of Court, Rule 8.308(a). Accordingly, the statute of limitations began to run on November 30, 2011, and absent tolling, expired on November 29, 2012 – almost eight years before petitioner filed the pending Petition. Accordingly, the statute of limitations commenced to run on November 30, 2011, and absent tolling,[5] expired on November 29, 2012, unless subsections B, C or D of 28 U.S.C. § 2244(d)(1) apply in the present case. See 28 U.S.C. § 2244(d)(1)(A).

Subsection B of 28 U.S.C. § 2244(d)(1) has no application in the present case. Petitioner does not allege, and this Court finds no indication, that any illegal state action prevented petitioner from filing the present Petition sooner.

Subsection C of 28 U.S.C. § 2244(d)(1) also has no application in the present case. Petitioner's claims are not predicated on a constitutional right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Under Section 2244(d)(1)(D), the statute of limitations commences when a petitioner knows, or through the exercise of due diligence could discover, the factual predicate of his claims, not when a petitioner learns the legal significance of those facts. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001), cert. denied, 549 U.S. 904 (2006); see also Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003). Section 2244(d)(1)(D) does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances. Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir.), cert. denied, 568 U.S. 1053 (2012). "[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the

---

[5] "AEDPA requires a state prisoner to file a federal habeas petition pursuant to 28 U.S.C. § 2254 within one year of the date on which his conviction becomes final on direct review, unless the petitioner qualifies for statutory or equitable tolling." Curiel v. Miller, 830 F.3d 864, 868 (9th Cir. 2016) (en banc); 28 U.S.C. § 2244(d)(1)(A).

factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006). Here, both of petitioner's claims arise from facts known to petitioner when he was sentenced, *i.e.*, that he was sentenced in accordance with his plea bargain to a 15-year term of imprisonment that included a one-year term for his P.C. § 245(a)(1) conviction and an additional year for the P.C. § 12022(b)(1) enhancement attached to the P.C. § 245(a)(1) conviction. Accordingly, Subsection D does not provide a later commencement date.

Therefore, the statute of limitations began to run on November 30, 2011, and absent tolling, expired on November 29, 2012 – almost eight years before petitioner filed the pending Petition.

**B. Petitioner Is Not Entitled to Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), AEDPA's limitations period is tolled while "'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Allen v. Siebert, 552 U.S. 3, 4 (2007) (per curiam) (quoting 28 U.S.C. § 2244(d)(2)). Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010), cert. denied, 564 U.S. 1019 (2011).

Here, petitioner did not file his initial state habeas petition until on or around February 18, 2020, well after the limitations period expired under § 2244(d)(1)(A). Since habeas petitions filed after the statute of limitations has run neither toll nor revive an expired limitations period, petitioner is not entitled to statutory tolling of the limitations period. Larsen v. Soto, 742 F.3d 1083, 1088 (9th Cir. 2013); Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003).

**C. Petitioner Is Not Entitled to Equitable Tolling**

Equitable tolling is available "in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). Petitioner bears the burden of proving he is entitled to

7

equitable tolling of the statute of limitations by showing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Holland, 560 U.S. at 649. "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (citation omitted); see also Menominee Indian Tribe of Wis. v. United States, 577 U.S. 250, 257 (2016) (The "second prong of [Holland's] equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." (emphasis omitted)). "'[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule.'" Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006) (citation omitted); Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010).

Here, petitioner does not contend he is entitled to equitable tolling, and the pending Petition does not suggest any viable equitable tolling claim.

**D.  Actual Innocence**

In rare and extraordinary cases, a plea of actual innocence can serve as a gateway through which a petitioner may pass to overcome the statute of limitations otherwise applicable to federal habeas petitions. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); see also Lee v. Lampert, 653 F.3d 929, 934-37 (9th Cir. 2011) (en banc). "[A] petitioner does not meet the threshold requirement unless he [or she] persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him [or her] guilty beyond a reasonable doubt." Perkins, 569 U.S. at 386 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or

critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." Lee, 653 F.3d at 938 (internal quotations omitted; citing House v. Bell, 547 U.S. 518, 538 (2006)). On this record, the court "must make a 'probabilistic determination about what reasonable, properly instructed jurors would do.'" House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 329). Unexplained or unjustified delay in presenting new evidence is a "factor in determining whether actual innocence has been reliably shown." Perkins, 569 U.S. at 387, 399; Schlup, 513 U.S. at 332 ("A court may consider how the timing of the submission and the likely credibility of a [petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence].").

Here, petitioner has not submitted new, reliable evidence to cast doubt on his conviction to permit the Court to consider his apparently otherwise time-barred claims. Accordingly, "actual innocence" does not serve as a gateway entitling petitioner to have his claims heard on the merits in this case.

**IV. ORDER**

For the foregoing reasons, the Motion to Dismiss is granted, the Petition and this action are dismissed with prejudice, and Judgment shall be entered accordingly.

DATED: June 16, 2021

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE